UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

        -v.-

OURIEL GOLAN,
        a/k/a "Ari Golan,"

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
-

**FINAL ORDER OF FORFEITURE**

14 Cr. 681 (PGG)

        WHEREAS, on or about June 26, 2023, this Court entered a Consent Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Assets Order") (D.E. 53), which ordered the forfeiture to the United States of all right, title and interest of OURIEL GOLAN (the "Defendant") in the following property:

    a.  $5,000 in United States currency seized by the Government on or about April 20, 2015 from safety deposit box #191 at Key Bank in Denver, Colorado held in the name of Golan Ouriel ("Seized Currency-1"); and

    b.  $304.57 United States currency seized from the Defendant, at the time of his arrest, on October 1, 2014 ("Seized Currency-2");

(a. and b. together, the "Substitute Assets");

        WHEREAS, the Substitute Assets Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the Substitute Assets Order, notice of the United States' intent to dispose of the Substitute Assets, and the requirement that any person asserting a legal interest in the Substitute Assets must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3).  Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any

person known to have an alleged interest in the Substitute Assets and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Assets before the United States can have clear title to the Substitute Assets;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Substitute Assets was posted on an official government internet site (www.forfeiture.gov) beginning on May 16, 2024 for thirty (30) consecutive days, through June 14, 2024 pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on November 15, 2024 (D.E. 57);

WHEREAS, on or about August 8, 2024, the Court entered a Corrected Preliminary Order of Forfeiture as to Substitute Assets (D.E. 56) to correct a clerical error to the amount of the Seized Currency-2, which is correctly described as:

    a. $305.57 in United States currency seized from the Defendant at the time of his arrest on October 1, 2014;

(the "Corrected Substitute Asset;" together with Seized Currency-1, the "Corrected Substitute Assets");

WHEREAS, The Notice of Forfeiture and the intent of the Government to dispose of the Corrected Substitute Asset was posted on an official government internet site (www.forfeiture.gov) beginning on August 30, 2024 for thirty (30) consecutive days, through September 28, 2024, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty

2

and Maritime Claims and Asset Forfeiture Actions, and proof of such publication was filed with the Clerk of the Court November 15, 2024  (D.E. 58).

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Corrected Substitute Assets have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest the Corrected Substitute Assets;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      All right, title and interest in the Corrected Substitute Assets are hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.      Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Corrected  Substitute Assets.

3.      The United States Marshals Service (or its designee) shall take possession of the Corrected  Substitute Assets and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

3

Dated:  New York, New York
        November 18, 2024

SO ORDERED:

_____
HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE